UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER L. GARCIA, :<br>:<br>Petitioner :<br>vs. :<br>:<br>ROBERT D. GILMORE, :<br>SUPERINTENDENT, SCI-GREENE, :<br>*ET AL.,* :<br>:<br>Respondents : | CIVIL NO. 1:CV-15-0024<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

The pro se petitioner, Alexander L. Garcia, an inmate at the State Correctional Institution at Greene, Waynesburg, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2010 conviction and sentence in the Court of Common Pleas of Luzerne County, Pennsylvania.  Petitioner pled guilty to first-degree murder and was sentenced to life imprisonment.  For the reasons set forth below, the petition will be denied as untimely under the one-year statute of limitations for filing section 2254 petitions.

II.  *Background and Procedural History*

On December 12, 2007, Garcia was charged with an open count of criminal homicide.  *See Commonwealth v. Garcia*, CP-40-CR-0000317-2008 (Pa. Ct. Com. Pl.

Luzerne Cnty.)[1]  The charge was held for court on January 17, 2008, and an information charging Garcia with an open count of criminal homicide was filed on March 4, 2008.  The following day the Commonwealth filed a Notice of Aggravating Circumstances in what was to be a capital-punishment case.

Attorney William Russo and Attorney Shane Kope were appointed to represent Garcia.  After some procedural and pre-trial issues were resolved, on March 23, 2010, during the jury-selection process, Garcia pled guilty to a charge of first-degree murder.  He was sentenced the same date to life imprisonment without the possibility of parole.  In exchange for the guilty plea, the Commonwealth withdrew its notice to seek the death penalty.  (Doc. 13, Respt's Resp. to Habeas Pet.)  On April 5, 2010, Garcia filed a post-sentence motion.  His counsel filed a supplemental motion on April 20, 2010.  On May 10, 2010, the trial court denied Garcia's post-sentence motions.  No direct appeal was filed.

On June 24, 2014, Garcia filed a motion seeking permission to file a petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Cons. Stat. Ann. § 9541-9546.  Garcia alleges the motion was denied on June 26, 2014.  (Doc. 1, ECF p. 4).  In the meantime, on June 6, 2014, Garcia filed a Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* in the Pennsylvania Supreme Court.  *See Commonwealth v. Garcia*, 97 MM 2014.[2]  This petition was denied on August 21, 2014.

---

[1] The court takes judicial notice of the trial court's docket sheet in *Commonwealth v. Garcia*, CP-40-CR-317-2008 available via Pennsylvania's Unified Judicial Docket System, docket research at: https://ujsportal.pacourts.us.

[2] The court takes judicial notice of the docket sheet in this matter which is available at: https://ujsportal.pacourts.us.

On October 30, 2014, under the prison mailbox rule,[3] Garcia filed his section 2254 petition in the United States District Court for the Eastern District of Pennsylvania. (*See* Doc. 1, ECF p. 16).  That court transferred the petition here, as the petition challenges a conviction that occurred in Luzerne County, which lies within this district. (Doc. 4).

We issued an order to show cause, directing Respondents to file a response to the Garcia's habeas petition.  (Doc. 9).  Respondents filed a response arguing that the petition is time-barred.  (Doc. 13).  Garcia filed a traverse.  (Doc. 14).  Thus, the court considers whether the petition is timely.

III. *Discussion*

    A. *Relevant Law*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*  This language applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking such review expires, even if review is not sought.  *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

---

[3] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The diligence required for equitable tolling is reasonable diligence, not maximum, extreme or exceptional diligence. *Holland*, 560 U.S. at 2565, 130 S.Ct. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999). The determination is made on a case-by-case basis. *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir. 2013). Extraordinary circumstances have been found when: (1) the state has actively

misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones,* 195 F.3d at 159.  The Third Circuit Court of Appeals also has emphasized that equitable tolling should be applied sparingly.  *See Lacava*, 398 F.3d at 275; *Schlueter v. Varner*, 384 F.3d 69, 75 - 76 (3d Cir. 2004).  Nonetheless, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)).

There is also an equitable exception to the statute of limitations established in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).  In *McQuiggin,* the Supreme Court held that a convincing claim of actual innocence overcomes the bar of the statute of limitations.  *Id.* at ___, 133 S.Ct. at 1928.  On an actual innocence claim, "a petitioner must demonstrate two things. . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup [v. Delo* ], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995]. Second, a petitioner must show by a preponderance of the evidence, '"that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' *Id.* at 327, 115 S.Ct. at 867." *Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir. 2010).  The court examines not just the new evidence but the old evidence as well.  *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).  "[A]ctual innocence requires a

showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir. 2002 ).

### *B.     The Petition Is Time-Barred*

Garcia's judgment of conviction became final on June 9, 2010, the expiration of the thirty-day period for filing a direct appeal with the Superior Court of Pennsylvania. The one-year statute of limitations thus began running on that date, and Garcia had until June 9, 2011, to file a section 2254 petition.  Garcia's habeas petition is thus untimely, as it was not filed until October 30, 2014, well after the limitations period expired.

Citing *Holland*, *supra*, Garcia argues that he is entitled to equitable tolling of the limitations period because he was first abandoned by court-appointed counsel, and then by a law firm that his family hired for postconviction representation.  (*See* Doc. 1, ECF pp. 22-23).  He claims that although he requested his plea counsel to file an appeal in his case, they did not.  He asserts that on February 10, 2012, his family retained "Boyle Litigation," for a fee of $26,000 for the purpose of postconviction representation.  (*Id.*, ECF p. 22).  "Boyle Litigation failed to enter their appearance, and effectively abandoned the petitioner."  (*Id.*)  Recognizing this abandonment, in 2014, Garcia filed petitions with the trial court, superior court, and supreme court for the reinstatement of his appellate rights.  All requests were denied.  (*Id.*)  Based on these facts, Garcia argues "that he has been diligent in attempting to gain review of his claims."  (*Id.*, ECF p. 26).  The court disagrees.

Having carefully reviewed the factual circumstances as submitted by Garcia on the issue of equitable tolling, the court finds that the circumstances in this case do not rise to an extraordinary level to warrant equitable tolling.  First, with respect to his plea

counsels' failure to file a direct appeal, Garcia does not explain what, if any, efforts he undertook to determine the status of his plea counsels' appellate efforts, or why he waited approximately two years from the date of his sentencing to seek additional help in filing an appeal, whether with the Boyle Litigation firm or from the state courts.  Waiting two years to contact the private law firm does not demonstrate reasonable diligence in this case. Second, Garcia does not explain why, once he hired the "Boyle Litigation" firm, it took him an additional two years to approach the state courts to reinstate his appellate rights.  In both scenarios, Garcia does not claim that he could not inquire with either set of legal representatives, or the state courts, to determine if an appeal had been filed in his case. While Garcia did eventually file *pro se* documents with the state court seeking the reinstatement of his appellate rights, he has not shown reasonable diligence.  Therefore, Garcia's petition will be dismissed as time-barred.

IV.     *Certificate of Appealability*

The court will issue an order denying Garcia's petition for a Writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Garcia is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a

certificate of appealability from the appropriate court of appeals.  *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

        An appropriate order follows.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: August 4, 2015